**UNITED STATE DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
JEFFREY FARKAS, M.D., LLC,

                       Plaintiff,           **Case No.: 21-CV-01402-(JF)**

        -against-

OMNI ADMINISTRATORS INC. d/b/a/ LEADING
EDGE ADMINISTRATORS,

                       Defendants.
-------------------------------------------------------------------X

**LEADING EDGE ADMINISTRATORs INC.'S MEMORANDUM OF LAW IN**
**SUPPORT OF ITS PRE-ANSWER MOTION**
**TO**
**DISMISS COUNTS I AND II OF PLAINTIFF'S COMPLAINT**

RIVKIN RADLER LLP

Kenneth C. Murphy
Brian L. Feld
926 RXR Plaza, 10th Floor
Uniondale, NY 11556-0926
(516) 357-3000
Casey.Murphy@Rivkin.com

Dated:  May 7, 2021

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS .................................................................................................... 2

ARGUMENT ......................................................................................................................... 3

    I.    STANDARD OF REVIEW ................................................................................ 3

    II.    COUNTS I AND II OF THE COMPLAINT MUST BE DISMISSED BECAUSE LEA IS NOT, AND WAS NEVER INTENDED TO BE, A FUDICIARY UNDER THE PLAN. ................................................................................................. 4

CONCLUSION ...................................................................................................................... 8

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Albert v. Carovano*,
   851 F.2d 561 (2d Cir. 1988)..................................................................................................4

*Blatt v. Marshall & Lassman*,
   812 F.2d 810 (2d Cir. 1987)..................................................................................................8

*Clapp v. Greene*,
   743 F. Supp. 273 (S.D.N.Y. 1990), aff'd, 930 F.2d 912 (2d Cir.), cert. denied,
   502 U.S. 868, 116 L. Ed. 2d 157, 112 S. Ct. 197 (1991)............................................................4

*CSA 401(k) Plan v. Pension Prof'ls, Inc.*,
   195 F.3d 1135 (9th Cir. 1999) ..............................................................................................8

*Fishbein v. Miranda*,
   785 F.Supp 2d 375 (SDNY 2011)...................................................................................6, 7

*Geller v. County Line Auto Sales*,
   86 F.3d 18 (2d Cir. 1996) ................................................................................................6, 8

*Haley v. Teachers Ins. & Annuity Assn. of Am.*,
   2018 US Dist LEXIS 52138 (SDNY Mar. 26, 2018, No. 17-CV-855 (JPO))..........................5

*Harris Trust and Sav. Bank v. Provident Life and Acc. Ins. Co.*,
   57 F.3d 608 (7th Cir. 1995) .................................................................................................8

*Kaluczky v. City of White Plains*,
   57 F.3d 202 (2d Cir. 1995)....................................................................................................4

*Krimslock v. Kelly*,
   306 F.3d 40 (2d Cir. 2002)....................................................................................................2

*Mertens v. Hewitt Assocs.*,
   508 U.S. 248, 113 S. Ct. 2063, 124 L. Ed. 2d 161 (1993).........................................................6

*New York State Teamsters Council Health & Hosp. Fund v. Centrus Pharmacy
Solutions*,
   235 F. Supp. 2d 123 (N.D.N.Y. 2002)................................................................................7, 8

*Pohl v. National Benefits Consultants, Inc.*,
   956 F.2d 126 (7th Cir. 1992) ...............................................................................................8

*Rosen v. Prudential Ret. Ins. & Annuity Co.*,
  No. 17 Civ. 239, 718 Fed. Appx. 3, 2017 U.S. App. LEXIS 19821, 2017 WL
  4534782 (2d Cir. Oct. 11, 2017) ................................................................................5, 6

*Sheppard v. Beerman*,
  18 F.3d 147 (2d Cir.) ..........................................................................................................4

*Swierkiewicz v. Sorema N.A.*,
  534 U.S. 506, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002) ......................................................4

**Statutes**

29 U.S.C. 1102(a)(2) ................................................................................................................5

29 U.S.C. § 1002(21)(A) ......................................................................................................5, 9

29 U.S.C. § 1104(a)(1) .............................................................................................................1

29 U.S.C. § 1105 (a) ................................................................................................................1

29 U.S.C. § 1106(a) .................................................................................................................7

29 U.S.C. § 1132(a)(1)(B) .......................................................................................................1

29 U.S.C. § 1132(a)(3) ............................................................................................................1

code 755 ...................................................................................................................................3

code column .............................................................................................................................3

Employee Retirement Income Security Act of 1974 ..............................................................1

ERISA ........................................................................................................................5, 6, 7, 8

**Other Authorities**

29 C.F.R. 2509.75-8 .................................................................................................................8

29 C.F.R. § 2509.75-8 ........................................................................................................6, 10

Fed. R. Civ. P. 12 .....................................................................................................................4

Fed. R. Civ. P. 12(b)(6) ...................................................................................................1, 4, 7

**Friedman Dec**. at ¶¶ 4 – 6 .....................................................................................................2

Order (a) ..................................................................................................................................1

This memorandum of law is filed on behalf of Omni Administrators Inc. d/b/a Leading Edge Administrators ("**LEA**") in support of its motion seeking an Order (a) pursuant to Fed. R. Civ. P. 12(b)(6) dismissing Count I and Count II of Plaintiff's Complaint ("**Complaint**"); and (b) granting LEA such other and further relief as this Court deems just and proper.[1]

## PRELIMINARY STATEMENT

In its Complaint, Plaintiff (also referred to as "**Dr. Farkas**") asserts two causes of action against LEA predicated upon the Employee Retirement Income Security Act of 1974 ("**ERISA**"). Specifically, Count I of the Complaint alleges that LEA failed to make payments pursuant to the member's plan under 29 U.S.C. § 1132(a)(1)(B) and Count II alleges that LEA breached its fiduciary duty and co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a). In support of these allegations, however, other than making the blanket, unsubstantiated claim that LEA was a fiduciary, Plaintiff fails to allege facts in his Complaint sufficient to support an inference that LEA was a fiduciary for the subject employer-based health insurance plan ("**Plan**").

In fact, the documents attached to the Complaint and filed therewith, the documents attached to the instant motion, as well as prior legal precedent, establish clearly that a third-party administrator ("**TPA**") – entities that undertake nothing more than ministerial functions in administering health and benefit plans – do not qualify as a fiduciaries under ERISA. As set forth in the Declaration of Avrumi Friedman, the job responsibilities of LEA (as the TPA of the Plan at issue) are not the type that would be performed by a fiduciary. The services rendered by LEA are explicitly and unambiguously "administrative." LEA did not have discretion or any final decision-

---

[1] A true and correct copy of the Complaint is attached as *Exhibit A* to the declaration of Kenneth C. Murphy, dated May 7, 2021 and filed herewith ("**KCM Dec.**").

making authority on the application of the terms and conditions of the subject health benefits plan. LEA simply applied the rules and payment framework of the Plan to the submissions for payment made by the out-of-network provider, Dr. Farkas, and provided that which was permitted by the Plan for out-of-network providers for the services rendered. (*See* **Friedman Dec**. at ¶¶ 4 – 6).

## STATEMENT OF FACTS[2]

Plaintiff, Dr. Farkas, is a medical provider comprised of a team of neurologists who specialize in acute treatment following strokes, brain aneurysms, carotid disease, and vascular problems of the brain, spine, and neck. (Ex A (Complaint) at ¶ 5). On November 22, 2016, November 23, 2016, and November 24, 2016, Dr. Farkas performed a series of emergency evaluations and surgical procedures on Temuri C. ("**Patient**") who was suffering from carotid artery stenosis. (*Id*. at ¶ 7). Patient was the beneficiary of an employer-based health insurance plan for which LEA served as the third-party claims administrator and Patient assigned his applicable health insurance rights and benefits to Dr. Farkas. (*Id*. at ¶¶ 8, 9). Pursuant to the assignment of benefits, Dr. Farkas submitted Health Care Financing Administration ("HCFA") medical bills to LEA seeking payment for the medical services provided to Patient in the total amount of $144,375.02. (*Id*. at ¶ 10). In response to Dr. Farkas's HCFA medical bills, LEA issued payment in the total amount of $5,955.41, leaving an outstanding balance of $138,419.61. (*Id*. at ¶ 12).

LEA's EOBs include a "reason code" next to the provider discount, with the code listed under the reason code column is "755." (*Id*. at ¶ 14). The bottom of LEA's EOBs included a description of reason code 755 stating as follows: "THE AMOUNT REPRESENTS THE DIFFERENCE BETWEEN THE PROVIDER'S CHARGES AND THE OUT OF NETWORK

---

[2] The following statement of facts is based upon the allegations in Plaintiffs' Complaint. Defendant does not concede in any respect the truth or accuracy of these allegations, but recognizes that, solely for purposes of this motion, the allegations are entitled to favorable assumptions by law. *See Krimslock v. Kelly,* 306 F.3d 40, 47-48 (2d Cir. 2002).

ALLOWED AMOUNT. THE MEMBER IS RESPONSIBLE FOR THIS AMOUNT." (*Id.* at ¶ 15). Although the member (*i.e.* the Patient) was ultimately responsible to pay Dr. Farkas for the treatment (insofar as Dr. Farkas was an out-of-network provider) rather than sue the Patient, Dr. Farkas had the Patient assign any and all claims for coverage that Patient had under his self-insured plan to Dr. Farkas. (*Id.* at ¶ 9). Dr. Farkas, for some reason, is now suing the TPA.

## ARGUMENT

### I. STANDARD OF REVIEW

In deciding a Rule 12(b)(6) motion, a court "must accept the allegations contained in the complaint as true, and draw all reasonable inferences in favor of the non-movant; it should not dismiss the complaint 'unless it appears beyond a reasonable doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief.'" *Sheppard v. Beerman*, 18 F.3d 147, 150 (2d Cir.) (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)), cert. denied, 513 U.S. 816 (1994); *see also Kaluczky v. City of White Plains*, 57 F.3d 202, 206 (2d Cir. 1995). Conclusory allegations that merely state the general legal conclusions necessary to prevail on the merits and are unsupported by factual averments will not be accepted as true. *See, e.g., Clapp v. Greene*, 743 F. Supp. 273, 276 (S.D.N.Y. 1990), aff'd, 930 F.2d 912 (2d Cir.), cert. denied, 502 U.S. 868, 116 L. Ed. 2d 157, 112 S. Ct. 197 (1991); *Albert v. Carovano*, 851 F.2d 561, 572 (2d Cir. 1988). "A court may dismiss a complaint [under Fed. R. Civ. P. 12] only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 152 L. Ed. 2d 1, 122 S. Ct. 992 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 81 L. Ed. 2d 59, 104 S. Ct. 2229 (1984)).

**II.    COUNTS I AND II OF THE COMPLAINT MUST BE DISMISSED BECAUSE LEA IS NOT, AND WAS NEVER INTENDED TO BE, A FUDICIARY UNDER THE PLAN.**

The first and second causes of action asserted by Plaintiff are premised upon the application of ERISA based on the hollow allegation that LEA was a fiduciary under the subject Plan and LEA breached that duty. However, claims for breach of fiduciary duty may only be brought against persons who were named as fiduciaries because they exercised discretionary control over the operation or administration of an ERISA plan. 29 U.S.C. 1102(a)(2); 29 U.S.C. § 1002(21)(A).

(a)    <u>Federal Law Indicates LEA Was Not a Fiduciary</u>

Federal Courts have routinely held that the responsibilities of TPAs of employer sponsored health plans are not fiduciaries under ERISA. "The 'threshold question' in every case alleging breach of fiduciary duty is whether the service provider 'was acting as a fiduciary . . . when taking the action subject to [the] complaint.'" *Haley v. Teachers Ins. & Annuity Assn. of Am.*, 2018 US Dist LEXIS 52138, at *10-13 (SDNY Mar. 26, 2018, No. 17-CV-855 (JPO)); *Rosen v. Prudential Ret. Ins. & Annuity Co.*, No. 17 Civ. 239, 718 Fed. Appx. 3, 2017 U.S. App. LEXIS 19821, 2017 WL 4534782, at *2 (2d Cir. Oct. 11, 2017) (alterations in original) (*quoting Pegram v. Herdrich*, 530 U.S. 211, 226, 120 S. Ct. 2143, 147 L. Ed. 2d 164 (2000)). Under the relevant ERISA provisions, "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). "Subsection one imposes fiduciary status on those who exercise discretionary authority, regardless of whether such authority was ever granted; [s]ubsection three describes those individuals who have actually been granted discretionary authority, regardless of whether such authority is ever exercised." *Rosen*, 2017 U.S. App. LEXIS 19821, 2017 WL

4

4534782, at *2 (alteration in original) (quoting *Bouboulis v. Transp. Workers Union of Am.*, 442 F.3d 55, 63 (2d Cir. 2006)).

"ERISA . . . defines 'fiduciary' not in terms of formal trusteeship, but in functional terms of control and authority over the plan . . ." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 262, 113 S. Ct. 2063, 124 L. Ed. 2d 161 (1993). Therefore, in determining fiduciary status, courts consider "the actual discretionary authority held by the purported fiduciary rather than its particular label or title." *Rosen*, 2017 U.S. App. LEXIS 19821, 2017 WL 4534782, at *2.

In *Fishbein v. Miranda*, 785 F.Supp 2d 375, 386 (SDNY 2011), plaintiffs' alleged in part that defendant Crossroads, a TPA, was a fiduciary under ERISA and that as such Crossroads breached its fiduciary duty by, among other things, diverting monies properly allocated to plaintiff (UMMF) and helping set up a Local 210 Retiree Fund. In addressing the threshold question of whether Crossroads was, in fact, a fiduciary under the subject fund, the Southern District Court stated that, in determining whether a party is a fiduciary under ERISA, courts have considered the DOL interpretative guidelines. See 29 C.F.R. § 2509.75-8; *see also Geller v. County Line Auto Sales*, Inc., 86 F.3d 18, 21 (2d Cir. 1996).

Those DOL guidelines provide that "persons who have no power to make any decisions as to plan policy, interpretations, practices or procedures" and, thus, perform "purely ministerial functions" are not fiduciaries. 29 C.F.R. § 2509.75-8. Examples of "purely administrative functions" include:

> (1) Application of rules determining eligibility for participation or benefits;
>
> (2) Calculation of services and compensation credits for benefits;
>
> (3) Preparation of employee communications material;
>
> (4) Maintenance of participants' service and employment records;

   (5) Preparation of reports required by government agencies;

   (6) Calculation of benefits;

   (7) Orientation of new participants and advising participants of their rights and options under the plan;

   (8) Collection of contributions and application of contributions as provided in the plan;

   (9) Preparation of reports concerning participants' benefits;

   (10) Processing of claims; and

   (11) Making recommendations to others for decision with respect to plan administration.  Id.

Significantly, in finding that Crossroads' could not be found to be a fiduciary in *Fishbein*, the Court stated that most of Crossroads' contractual duties were similar to or encompassed by one or more of the "ministerial" examples provided in the DOL interpretive guidelines. *Fishbein supra.* at 386.

In *New York State Teamsters Council Health & Hosp. Fund v. Centrus Pharmacy Solutions*, 235 F. Supp. 2d 123, 124-28 (N.D.N.Y. 2002), defendant moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), which alleged, in part, that defendant breached its fiduciary duty to the plaintiff under ERISA.  In its decision, the Court noted that the defendant's motion rested on two issues: "(1) whether [defendant] is a fiduciary within the meaning of ERISA; and (2) whether the facts as alleged in the Complaint state a claim for a violation of 29 U.S.C. § 1106(a)."

Like the analysis employed by the Court in *Fishbein*, the Court in *New York State Teamsters Council Health & Hosp. Fund* relied upon the Department of Labor's interpretative guidelines in seeking to determine whether the defendants' job functions were such that would

6

render it a fiduciary under ERISA.  In finding that the defendant was not a fiduciary, the Court analyzed the agreement between the parties ("Agreement"), which clearly reflected that the plaintiff there (an employee benefits fund) bore the ultimate responsibility for all decisions and that the defendant (a TPA of a pharmacy benefits fund), was merely carrying out its ministerial obligations under the Agreement between the parties. *See New York State Teamsters Council Health & Hosp. Fund, supra* at 127.  Specifically, the Court focused on the fact that pursuant to the Agreement, plaintiff retained control over the management and administration of the plan and that  each of the duties imposed upon defendant under the Agreement were purely ministerial. Defendant's obligations there did not involve the exercise of discretion regarding the management or administration of the plan, the disposition of plan assets or the rendering of investment advice for a fee or compensation. Ultimately, the Court found that the defendant was merely performing ministerial tasks virtually identical to those set forth in 29 C.F.R. 2509.75-8 within a framework of policies made by plaintiff and, therefore, was not an ERISA fiduciary. *See id.*[3]

In the instant case, LEA's duties, as alleged in the Complaint, are insufficient to support a finding that LEA is a fiduciary under the plan.  Specifically, Plaintiff alleges that "when Defendant acted to deny payment for the medical bills at issue herein, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a 'fiduciary' as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendant acted with discretionary authority or control to deny the payment and to manage the administration of the

---

[3] *See also Geller v. County Line Auto Sales*, 86 F.3d 18 (2d Cir. 1996) (guaranteeing eligibility and remitting premiums is not discretionary); *CSA 401(k) Plan v. Pension Prof'ls, Inc.*, 195 F.3d 1135 (9th Cir. 1999) (preparation of financial reports is ministerial); *Pohl v. National Benefits Consultants, Inc.*, 956 F.2d 126 (7th Cir. 1992) (plan administrator performing functions spelled out in 29 C.F.R. 2509.75-8 was not a fiduciary); *Harris Trust and Sav. Bank v. Provident Life and Acc. Ins. Co.*, 57 F.3d 608 (7th Cir. 1995) (plan administrator that made eligibility determinations in accordance with plan's claims administration procedure was not a fiduciary); *Blatt v. Marshall & Lassman*, 812 F.2d 810 (2d Cir. 1987) ("Ministerial functions include the application of rules determining eligibility for participation, calculation of services and benefits, and collection of contributions.")

7

employee benefit plan at issue as described above…" (Ex A (Complaint) at ¶ 39). This is entirely conclusory and wrong. Indeed, even in defining the parties in the Complaint, Plaintiff stated, "[u]*pon information and belief,* [LEA] is engaged in administering health care plans or policies in the state of New York." (Complaint ¶ 2). There is a difference between a plan administrator (*e.g.,* a union health fund that *administers* and has ultimate control over a health plan) and a *third-party administrator,* such as LEA. While Plaintiff couches LEA's role as "responding to administrative appeals" and "acting with discretionary authority," that is a conclusory statement (and inaccurate). As set forth in the Declaration of Avrumi Friedman, Director of Cost Containment at LEA, LEA's role with respect to the health benefits Plan covered by the subject Patient was simply that of claims administrator. (Friedman Dec. at ¶¶ 2, 5) (emphasis added). LEA did not have discretion or any final decision-making authority on the application of the terms and conditions of the Patient's Plan provided by the Plan Sponsor. (*Id*. at ¶ 5). LEA simply applied the analysis for payments to out-of-network providers and provided Dr. Farkas with that which was permitted by the Plan for out-of-network providers for the services he provided. (*Id*. at ¶ 6) (emphasis added). LEA had no discretion in this decision-making; this was purely an administrative function applying the Patient's Plan's administrative services agreement. (*Id*. at ¶ 6).

Based on the foregoing, LEA was not provided with any power to make any decisions as to plan policy, interpretations, practices or procedures and was assigned to perform purely administrative actions. *See* 29 C.F.R. § 2509.75-8. Accordingly, they cannot be held as a fiduciary under the subject plan, which warrants dismissal of Counts One and Two of Plaintiff's Complaint.

## **CONCLUSION**

Accordingly, because Counts One and Two of the Complaint fail to allege facts sufficient to support an inference that LEA was a plan fiduciary, Counts I and II must be dismissed.

Dated: Uniondale, New York
May 7, 2021

                              RIVKIN RADLER LLP

               By: *Kenneth C. Murphy*
                     Kenneth C. Murphy (KM 9330).
                     Brian L. Feld
                     926 RXR Plaza, 10th Floor
                     Uniondale, NY 11556-0926
                     (516) 357-3000
                     Casey.Murphy@rivkin.com

5261048 v1

9