UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY FARKAS, M.D., LLC,<br><br>      Plaintiff,<br><br>-against-<br><br>HCS HOME HEALTH CARE SERVICES OF NEW YORK, and LEADING EDGE ADMINISTRATORS,<br><br>      Defendants. | Index No.: 1:21-cv-01402<br><br>**AMENDED COMPLAINT** |

Plaintiff, Jeffrey Farkas, M.D., LLC ("Plaintiff"), on assignment of Temuri C., by and through its attorneys, Schwartz Sladkus Reich Greenberg Atlas LLP, by way of Complaint against Defendant HCS Home Health Care Services of New York ("Defendant HCS"), and Defendant Leading Edge Administrators ("Defendant Leading Edge") (collectively, "Defendants"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a New Jersey limited liability company with a principal place of business at 43 Westminster Avenue, Bergenfield, New Jersey 07261.

2. Upon information and belief, Defendants are engaged in administering health care plans or policies in the state of New York.

3. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). The insurance policy at issue is governed by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq*. The administrative remedies have been exhausted.

1

**FACTUAL BACKGROUND**

4. Plaintiff is a medical provider comprised of a team of neurologists who specialize in acute treatment following strokes, brain aneurysms, carotid disease, and vascular problems of the brain, spine, and neck.

5. Plaintiff's doctors perform major brain surgery in emergency, and often lifesaving, situations.

6. On November 22, 2016, November 23, 2016, and November 24, 2016, Plaintiff performed a series of emergency evaluations and surgical procedures on Temuri C. ("Patient") who was suffering from carotid artery stenosis. (*See*, **Exhibit A**, attached hereto.)

7. At all relevant times, Patient was the beneficiary of an employer-based health insurance plan for which Defendant HCS served as plan sponsor and plan administrator, and Defendant Leading Edge served as claims administrator.

8. Patient assigned his applicable health insurance rights and benefits to Plaintiff. (*See*, **Exhibit B**, attached hereto.)

9. Pursuant to the assignment of benefits, Plaintiff submitted Health Care Financing Administration ("HCFA") medical bills to Defendant Leading Edge seeking payment for the medical services provided to Patient in the total amount of $144,375.02. (*See*, **Exhibit C,** attached hereto.)

10. As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's treatment of Patient.

11. In response to Plaintiff's HCFA medical bills, Defendant Leading Edge processed payment in the total amount of $5,955.41, leaving an outstanding balance of $138,419.61.

12. Defendant Leading Edge's explanations of benefits ("EOBs") indicate that the unpaid portion of Plaintiff's charges were left unpaid pursuant to a provider discount even though Plaintiff never agreed to any such discount. *(See, for e.g.,* **Exhibit D**, attached hereto.)

13. Defendant's EOBs further include a "reason code" next to the provider discount. The code listed under the reason code column is "755." *Id*.

14. The bottom of Defendant's EOBs include a description of reason code 755 stating as follows: "THE AMOUNT REPRESENTS THE DIFFERENCE BETWEEN THE PROVIDER'S CHARGES AND THE OUT OF NETWORK ALLOWED AMOUNT. THE MEMBER IS RESPONSIBLE FOR THIS AMOUNT." *Id*.

15. However, the reason code is contradicted by the "patient responsibility" portion of the EOB which conspicuously notes the patient's responsibility to be $0.00. *Id*.

16. Moreover, upon information and belief, under the terms of Patient's insurance plan, out-of-network emergency treatment must be reimbursed in a way that exposes Patient to no greater liability than he would be exposed to had he utilized a network provider.

17. Thus, under the terms of Patient's insurance plan, Defendants were obligated to process reimbursement for the subject medical services pursuant to Plaintiff's billed charges, or alternatively, pursuant to a payment rate agreed upon by Plaintiff.

18. By indicating in its EOB that Plaintiff accepted a "provider discount", Defendants were in effect representing that they processed Plaintiff's claims correctly under the terms of Patient's insurance plan.

19. However, since Plaintiff never agreed to any provider discount, Defendants did not process Plaintiff's claims correctly under the terms of Patient's insurance plan.

20. Because Defendants did not properly process Plaintiff's claims, Patient submitted multiple internal appeals to Defendant Leading Edge, challenging Defendants' reimbursement under the terms of Patient's insurance plan.

21. However, Defendants failed to issue any additional reimbursement in response to Patient's internal appeals.

22. As a result of Defendants' failure to issue reimbursement for Patient's treatment in accordance with the terms of his insurance plan, Plaintiff has been damaged in the amount of $138,419.61.

23. Accordingly, Plaintiff brings this action for recovery of the outstanding balance, and Defendants' breaches of fiduciary duty.

## COUNT ONE

### FAILURE TO MAKE PAYMENTS PURSUANT TO MEMBER'S PLAN UNDER 29 U.S.C. § 1132(a)(1)(B)

24. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 23 of the Complaint as though fully set forth herein.

25. Plaintiff avers this Count to the extent ERISA governs this dispute.

26. Section 502(a)(1), codified at 29 U.S.C. § 1132(a) provides a cause of action for a beneficiary or participant seeking payment under a benefits plan.

27. Plaintiff has standing to seek such relief based on the assignments of benefits obtained by Plaintiff from Patient.

28. Upon information and belief, Defendants acted in a fiduciary capacity in administering any claims determined to be governed by ERISA.

29. Plaintiff is entitled to recover benefits due to Patient under any applicable ERISA plan or policy.

30. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

## COUNT TWO

## BREACH OF FIDUCIARY DUTY AND CO-FIDUCIARY DUTY UNDER 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

31. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 30 of the Complaint as though fully set forth herein.

32. 29 U.S.C. § 1132(a)(3)(B) provides a cause of action by a participant, beneficiary, or fiduciary to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

33. Plaintiff seeks redress for Defendants' breaches of fiduciary duty and/or Defendants' breaches of co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. § 1105 (a)

34. 29 U.S.C. § 1104(a)(1) imposes a "prudent man standard of care" on fiduciaries.

35. Specifically, a fiduciary shall discharge its duties with respect to a plan solely in the interest of the participants and beneficiaries and (A) for the exclusive purpose of: (i) providing benefits to participants and their beneficiaries; and (ii) defraying reasonable expenses of administering the plan; (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims; (C) by diversifying the investments of the plan so as to minimize the risk of large losses, unless under the circumstances it is clearly prudent not to do so; and (D) in accordance with the documents

5

and instruments governing the plan insofar as such documents and instruments are consistent with the provisions of this subchapter and subchapter III of this chapter. 29 U.S.C. § 1104(a)(1).

36. 29 U.S.C. § 1105(a) imposes liability for breaches of co-fiduciaries.

37. Specifically, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances: (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (2) if, by his failure to comply with section 1104(a)(1) ["prudent man standard of care] of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach. 29 U.S.C. § 1105(a).

38. Here, when Defendants acted to deny payment for the medical bills at issue herein, and when they responded to the administrative appeals initiated by Plaintiff, they were clearly acting as a "fiduciary" as that term is defined by ERISA § 1002(21)(A) because, among other reasons, Defendant acted with discretionary authority or control to deny the payment and to manage the administration of the employee benefit plan at issue as described above.

Here, Defendants breached their fiduciary duties by: (1) failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations; (2) participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; (3) failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary,

including failing to respond to Plaintiff's internal appeal; and (4) wrongfully withholding money belonging to Plaintiff.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A.  For an Order directing Defendants to pay Plaintiff $138,419.61;
B.  For an Order directing Defendants to pay Plaintiff all benefits Patient would be entitled to under the applicable insurance plan or policy administered by Defendant;
C.  For compensatory damages and interest;
D.  For attorney's fees and costs of suit; and
E.  For such other and further relief as the Court may deem just and equitable.


Dated: New York, NY
       May 25, 2021

SCHWARTZ SLADKUS
REICH GREENBERG ATLAS LLP
*Attorneys for Plaintiff*


By:   /s/ Michael Gottlieb
      Michael Gottlieb
      444 Madison Avenue
      New York, New York 10022
      (212) 743-7054