UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

JEFFREY FARKAS, M.D., LLC,

                       *Plaintiff,*                                1:21-CV-01402-JMF

      v.

HCS HOME HEALTH CARE SERVICES OF
NEW YORK, and
LEADING EDGE ADMINISTRATORS,

                       *Defendants.*
_____


# HCS HOME HEALTH CARE SERVICES OF NEW YORK'S MEMORANDUM OF LAW IN SUPPORT OF <u>MOTION TO DISMISS AMENDED COMPLAINT</u>


**HODGSON RUSS LLP**
*Attorneys for HCS Health Care Services of New York*
Catherine Grantier Cooley
Marissa A. Coheley
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York  14202-4040
Telephone:  (716) 856-4000
E-mail:  *ccooley@hodgsonruss.com*
         *mcoheley@hodgsonruss.com*

# TABLE OF CONTENTS

Page

Preliminary Statement.................................................................................................................1

Statement of Facts......................................................................................................................1

Argument ...................................................................................................................................3

    I.      PLAINTIFF LACKS STANDING TO BRING THIS ACTION ............................4

    II.     PLAINTIFF'S CLAIMS ARE BARRED BY THE CONTRACTUAL PERIOD OF LIMITATIONS CONTAINED IN THE PLAN..................................................7

    III.    HCS IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS..9

Conclusion ...............................................................................................................................10

# TABLE OF AUTHORITIES

Page

**FEDERAL CASES**

*Am. Orthopedic & Sports Med. v. Indep. Blue Cross Blue Shield*,
 890 F.3d 445 (3d Cir. 2018)...........................................................................................5

*Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*,
 821 F.3d 352 (2d Cir. 2016)....................................................................................4, 5, 6, 7

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007).......................................................................................................4

*Chambers v. Time Warner, Inc.*,
 282 F.3d 147 (2d Cir. 2002)...........................................................................................3

*Chambless v. Masters, Mates & Pilots Pension Plan*,
 815 F.2d 869 (2d Cir. 1987)......................................................................................9, 10

*City of Hope Nat'l Med. Ctr. v. HealthPlus, Inc.*,
 156 F.3d 223 (1st Cir. 1998)...........................................................................................5

*D.S.S. v. Prudential Ins. Co. of Am.*,
 No. 3:20-CV-248-CRS, 2021 WL 1069040 (W.D. Ky. Mar. 19, 2021) ...................................8

*Ello v. Singh*,
 531 F. Supp. 2d 552 (S.D.N.Y. 2007)..............................................................................4

*Fetterhoff v. Liberty Life Assur. Co.*,
 282 F. App'x 740 (11th Cir. 2008) ..................................................................................8

*Ford v. Premera Blue Cross*,
 No. C17-1738 MJP, 2018 WL 1620984 (W.D. Wash. Apr. 4, 2018) ......................................8

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*,
 463 U.S. 1 (1983)...........................................................................................................4

*Hardt v. Reliance Standard Life Ins. Co.*,
 560 U.S. 242 (2010).......................................................................................................9

*Heimeshoff v. Hartford Life & Acc. Ins. Co.*,
 571 U.S. 99 (2013).........................................................................................................7

*In re Neurotrope, Inc. Sec. Litig.*,
 315 F. Supp. 3d 721 (S.D.N.Y. 2018)...............................................................................3

*Iqbal v. Hasty,*
   490 F.3d 143 (2d Cir. 2007)..................................................................................4

*Leatherman v. Tarrant County Narcotics Unit,*
   507 U.S. 163 (1993)............................................................................................3

*LeTourneau Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores,*
   298 F.3d 348 (5th Cir. 2002) ..............................................................................5

*McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.,*
   857 F.3d 141 (2d Cir. 2017)................................................................................5

*Merrick v. UnitedHealth Grp. Inc.,*
   175 F. Supp. 3d 110 (S.D.N.Y. 2016)..................................................................4

*Neuroaxis Neurosurgical Assocs., PC v. Costco Wholesale Co.,*
   919 F. Supp. 2d 345 (S.D.N.Y. 2013)..................................................................5

*Northlake Reg'l Med. Ctr. v. Waffle House Sys. Emp. Benefit Plan,*
   160 F.3d 1301 (11th Cir. 1998) ..........................................................................8

*Order of United Commercial Travelers of America v. Wolfe,*
   331 U.S. 586 (1947)............................................................................................7

*Park Ave. Aesthetic Surgery, P.C. v. Empire Blue Cross Blue Shield,*
   No. 19-CV-9761 (JGK), 2021 WL 665045 (S.D.N.Y. Feb. 19, 2021).............1, 5, 6

*Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.,*
   371 F.3d 1291 (11th Cir. 2004) ..........................................................................5

*Smith v. The Boeing Co.,*
   No. 3:15-CV-2533-D, 2016 WL 892749 (N.D. Tex. Mar. 9, 2016)....................8

*St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kan., Inc.,*
   49 F.3d 1460 (10th Cir. 1995) ............................................................................5

*Vega v. Fed. Exp. Corp.,*
   No. 09 CIV. 07637 RJH GW, 2011 WL 4494751 (S.D.N.Y. Sept. 29, 2011) .......9

*Wechsler v. HSBC Bank USA, N.A,*
   No. 15-CV-5907 (JMF), 2016 WL 1688012 (S.D.N.Y. Apr. 26, 2016), *aff'd*
   *sub nom. Wechsler v. HSBC Bank USA, N.A.*, 674 F. App'x 73 (2d Cir. 2017) ......9

*Zisumbo v. Convergys Corp.,*
   No. 1:14-CV-134-RJS, 2017 WL 5634120 (D. Utah Nov. 22, 2017) ..................8

**FEDERAL STATUTES**

29 U.S.C. § 1132(a) ....................................................................................................4

29 U.S.C. § 1132(g)(1) ....................................................................................................9

**RULES**

Fed. R. Civ. P. 12(b)(6)...........................................................................................3, 10

## PRELIMINARY STATEMENT

Plaintiff Jeffrey Farkas, M.D., LLC ("Plaintiff" or "Farkas") commenced this action seeking payment of claims and recovery of benefits under the HCS Home Health Care Services of NY Medical Plan (the "Plan") pursuant to an alleged assignment by Temuri C. (the "Patient"). However, the Plan specifically prohibits the assignment of a participant's right to sue to recover benefits under the Plan. Therefore, Plaintiff lacks standing to bring this action and the Amended Complaint must be dismissed with prejudice.

The Plan also explicitly provides that any legal action to recover benefits must be commenced within one year after the participant receives notification of the Plan's final determination denying the claimed benefits. Here, the Plan's final decision was issued on September 14, 2017; this action was commenced on May 25, 2021 – more than three years later – and is barred by the express terms of the Plan. The Amended Complaint must be dismissed with prejudice.

## STATEMENT OF FACTS[1]

On November 22, 23, and 24, 2016, the Patient received medical treatment from providers that are associated with Plaintiff. Amended Complaint (Dkt. No. 19) ("Am. Comp."),

---

[1]     The facts recited in this memorandum are taken from the amended complaint, documents attached to, incorporated in, and referenced in the amended complaint, including the "health insurance plan" and the Patient's appeal referenced at ¶¶ 7, 16, 17 and 20 of the amended complaint. *See Park Ave. Aesthetic Surgery, P.C. v. Empire Blue Cross Blue Shield*, No. 19-CV-9761 (JGK), 2021 WL 665045, at *1 (S.D.N.Y. Feb. 19, 2021) ("Because the documents governing the patient L.G.'s insurance plan are referenced in the [complaint] and are integral to deciding the defendants' motion to dismiss, this Court may consider the Summary Plan Description ("SPD") and Evidences of Coverage ("EOCs"), submitted by the defendants.").

- 1 -

¶ 7; Exhibit A (Dkt. No. 19-1).[2]  The Patient is a participant in the HCS Home Health Care
Services of NY Medical Plan (the "Plan").  *Id.*, ¶ 7.  HCS is the Plan Sponsor and Plan
Administrator (*id.*) and the Plan is governed by the Plan Document and Summary Plan
Description (the "Plan SPD").  Declaration of Max Lafer, dated August 12, 2021 ("Lafer Dec."),
¶ 2; Ex. A at 4.

       The Amended Complaint alleges that the Patient assigned his health insurance
rights and benefits under the Plan to Plaintiff.  Am. Comp., ¶ 8; Ex. B.  However, the Plan SPD
provides that:

> ***No Participant shall*** at any time, either during the time in which
> he or she is a Participant in the Plan, or following his or her
> termination as a Participant, in any manner, ***have any right to
> assign his or her right to sue to recover benefits under the Plan,
> to enforce rights due under the Plan or to any other causes of
> action which he or she may have against the Plan or its
> fiduciaries***. A medical Provider which accepts an AOB does as
> consideration in full for services rendered and is bound by the rules
> and provisions set forth within the terms of this document.

Lafer Dec., Ex. A at 66 (emphasis added).

       The Patient submitted a claim for payment of benefits under the Plan for the
services provided by Plaintiff.  *Id.*, Exs. C and D (Dkt. No. 19-1).  That claim was denied, with
the exception of a $5,955.41 payment made to Plaintiff.  *Id.*, ¶ 11.  The Patient submitted
multiple internal appeals challenging the Plan's determination of the claim for services provided
by Plaintiff.  *Id.*, ¶ 20.  On or about September 14, 2017, the Plan's Claims Administrator,

---

[2]    Any reference to the allegations of the amended complaint are made only for the purpose
of providing the Court with background for the arguments in this motion.  HCS neither
admits nor denies the truth of any referenced allegation or plaintiff's characterization of
the facts of this case, and expressly reserves its right to raise any and all defenses in its
answer should this motion be denied.

Leading Edge Administrators, issued a final determination on the Patient's appeal, which upheld the prior determination concerning payment for services rendered by Plaintiff.  Lafer Dec., ¶ 5; Ex. D.  The Plan SPD provides that:

> A Claimant cannot bring any legal action against the Plan for a claim of benefits until 90 days after all appeal processes have been exhausted. After 90 days, if the Claimant wants to bring a legal action against the Plan, ***he or she must do so within one year of the date he or she is notified of the final decision on the final appeal*** or he or she will lose any rights to bring such an action against the Plan.

*Id.*, Ex. A at 67-68 (emphasis added).

Plaintiff commenced this action against HCS on May 25, 2021, more than 90 days after notification of the Plan Administrators' September 14, 2017 final determination.

## ARGUMENT

In deciding a Rule 12(b)(6) motion, the court must view all allegations raised in the complaint in the light most favorable to the non-moving party . . . and must accept as true all factual allegations in the complaint.[3]  The court does not weigh the evidence, but merely determines whether the complaint itself is legally sufficient and, in doing so, "a court may consider only the complaint, any written instrument attached to the complaint as an exhibit, any statements or documents incorporated in it by reference, and any document upon which the complaint heavily relies."[4]

---

[3]    *Leatherman v. Tarrant County Narcotics Unit,* 507 U.S. 163, 164 (1993).

[4]    *In re Neurotrope, Inc. Sec. Litig.*, 315 F. Supp. 3d 721, 729 (S.D.N.Y. 2018), quoting *ASARCO L.L.C. v. Goodwin*, 756 F.3d 191, 198 (2d Cir. 2014); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002).

A complaint must plead facts sufficient to show that a claim is plausible, not merely possible. Broad-brush allegations containing speculation and conjecture are not enough to overcome a 12(b)(6) motion.[5] To rise above mere speculation, plaintiff must provide more than labels, conclusions or a formulaic recitation of the elements of a cause of action.[6]

## I.     PLAINTIFF LACKS STANDING TO BRING THIS ACTION

Farkas brings this claim under Section 502(a) of the Employee Retirement Income Security Action of 1974 ("ERISA"), 29 U.S.C. § 1132(a). Am. Comp., ¶¶ 24–38. ERISA carefully enumerates the parties entitled to seek relief under an employee benefit plan.[7] Under ERISA, only plan participants, beneficiaries, fiduciaries, and the Secretary of Labor have standing to file actions for the collection of benefits owed, for fiduciary breach, or to enforce other rights stemming from employee benefit plans.[8] A healthcare provider, like Farkas, does not have standing under the statute to file a claim pursuant to ERISA.

The Second Circuit, however, recognizes "'a narrow exception to the ERISA standing requirements,' which 'grants standing only to healthcare providers to whom a beneficiary has assigned his claim in exchange for health care.'"[9] "This narrow exception grants

---

[5]     *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *Iqbal v. Hasty,* 490 F.3d 143, 156 (2d Cir. 2007).

[6]     *Ello v. Singh,* 531 F. Supp. 2d 552, 562 (S.D.N.Y. 2007) citing *Twombly,* 550 U.S. at 55.

[7]     *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for S. California*, 463 U.S. 1, 27 (1983).

[8]     29 U.S.C. § 1132(a).

[9]     *Merrick v. UnitedHealth Grp. Inc.,* 175 F. Supp. 3d 110, 116 (S.D.N.Y. 2016); citing  *Simon v. Gen. Elec. Co.,* 263 F.3d 176, 177 (2d Cir.2001); *see also Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 361 (2d Cir. 2016))

- 4 -

standing only to healthcare providers to whom a beneficiary has assigned his claim in exchange

for health care benefits."[10]  It is the assignee that bears the burden of establishing the existence of

a valid assignment.[11]  Nonetheless, ERISA plans are free to incorporate anti-assignment clauses

that will, in effect, render an assignment of claims by a participant or beneficiary a legal

nullity.[12]

　　　　　In *Park Avenue Aesthetic Surgery*, this Court enforced a similar anti-assignment

clause contained in an employee benefit plan SPD.  The anti-assignment provision in *Park*

*Avenue* read: "Plan participants cannot assign, pledge, borrow against, or otherwise promise any

benefit payable under the Plan before receipt of that benefit."[13]  The SPD went on to say:

"Benefits payable under the Plans will not be subject in any way to anticipation, alienation, sale,

transfer, assignment, pledge, encumbrance or charge of any kind.  Any effort to take such an

action will be void, except to the extent that an applicable Plan either: (a) allows for the

---

[10]　　　*Am. Psychiatric Ass'n.*, 821 F.3d at 361 (2d Cir. 2016) (citing *Simon*, 263 F.3d at 178).

[11]　　　*Id.*

[12]　　　*See McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 147 (2d
Cir. 2017); *Neuroaxis Neurosurgical Assocs., PC v. Costco Wholesale Co.*, 919 F. Supp.
2d 345, 351 (S.D.N.Y. 2013) ("where plan language unambiguously prohibits
assignment, an attempted assignment will be ineffectual"); *Am. Orthopedic & Sports
Med. v. Indep. Blue Cross Blue Shield,* 890 F.3d 445, 453 (3d Cir. 2018)*;  Physicians
Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1295
(11th Cir. 2004) ("[W]e are persuaded by the reasoning of the majority of federal courts
that have concluded that an assignment is ineffectual if the [ERISA benefit] plan
contains an unambiguous anti-assignment provision.") (collecting cases); *LeTourneau
Lifelike Orthotics & Prosthetics, Inc. v. Wal-Mart Stores*, 298 F.3d 348, 352 (5th Cir.
2002); *City of Hope Nat'l Med. Ctr. v. HealthPlus, Inc.*, 156 F.3d 223, 228-29 (1st Cir.
1998); *St. Francis Reg'l Med. Ctr. v. Blue Cross & Blue Shield of Kan., Inc.*, 49 F.3d
1460, 1465 (10th Cir. 1995).

[13]　　　*Park Ave. Aesthetic Surgery, P.C. v. Empire Blue Cross Blue Shield*, No. 19-CV-9761
(JGK), 2021 WL 665045, at *3 (S.D.N.Y. Feb. 19, 2021).

- 5 -

provision of benefit payments directed to hospitals, physicians, and other providers of services in payment for covered services or goods; or (b) provides specifically for assignment."[14]  This Court held that, when read together, these provisions made it clear that the plan did not permit assignments, the plaintiff medical provider's acceptance of the patient's assignment was a legal nullity, and dismissed plaintiff's claims.[15]

The Plan SPD here contains two provisions clearly stating that the Plan does not permit assignment of benefits.  First, the Plan SPD provides that "[n]o participant shall . . . have any right to assign his or her right to sue to recover benefits under the Plan, to enforce rights due under the Plan or to any other causes of action which he or she may have against the Plan or its fiduciaries."  Lafer Dec., Ex. A at 66.  Further, the SPD – using language very similar to the language used in *Park Avenue Aesthetic Surgery* – states: "To the extent this provision does not conflict with any applicable law, no benefit payment under this Plan shall be subject in any way to alienation, sale, transfer, pledge, attachment, garnishment, execution or encumbrance of any kind, and any attempt to accomplish the same shall be void."  *Id.* at 83.  Read together, these provisions clearly and unambiguously express that the Plan does not permit the assignment of benefits or the right to sue.  As a result, any assignment to Plaintiff is a nullity and it does not have standing to bring this ERISA claim because it is not a plan participant, beneficiary, or fiduciary and its claims should be dismissed.

Moreover, even if the Plan permitted an assignment of benefits, the purported assignment does not satisfy the narrow exception laid out in *Am. Psychiatric Ass'n*.  There, the

---

[14]    *Id.* at 6.

[15]    *Id.* at 10.

Second Circuit held that benefits under an ERISA plan may only be assigned to a health care provider if a beneficiary has assigned his claim ***in exchange for health care benefits***."[16]  Here, the Patient received medical services in 2016, but did not assign his rights to Plaintiff until October 31, 2017.  *See* Am. Comp., ¶¶ 6,8; Exs. A and B.  Hence, the assignment was not given in exchange for health care benefits because the assignment occurred nearly a year after the services were rendered by Plaintiff.   As a result, the assignment is not enforceable and Plaintiff's claims should be dismissed because it does not have standing to bring an ERISA claim.

## II.    PLAINTIFF'S CLAIMS ARE BARRED BY THE CONTRACTUAL PERIOD OF LIMITATIONS CONTAINED IN THE PLAN

It is well-established that parties may enter into a contract that shortens the statute of limitations for various claims, between the parties, under such a contract.[17]  Moreover, the Supreme Court has held that, "[t]he principle that contractual limitations provisions ordinarily should be enforced as written is especially appropriate when enforcing an ERISA plan" because the plan is at the center of ERISA.[18]  Accordingly, an ERISA plan's contractual provision shortening the applicable statute of limitations for commencement of an action challenging benefit determinations must be given effect unless the period for bringing the claim is unreasonably short or a controlling statute prevents the contractual provision from being enforceable.[19]

---

[16]     *Am. Psychiatric Ass'n*, 821 F.3d at 361 (emphasis added).

[17]     *Order of United Commercial Travelers of America v. Wolfe*, 331 U.S. 586, 608 (1947); *Heimeshoff v. Hartford Life & Acc. Ins. Co.*, 571 U.S. 99, 106 (2013).

[18]     *Heimeshoff*, 571 U.S. at 108.

[19]     *Id.* at 109.

Here, Plaintiff's claims are clearly time barred by the terms of the Plan. The Plan SPD expressly provides that "if the Claimant wants to bring a legal action against the Plan, he or she must do so **within one year of the date** he or she is notified of the final decision on the final appeal or he or she will lose any rights to bring an action against the Plan." Lafer Dec., Ex. A at 67-68 (emphasis added). The Plan issued its final decision on the final appeal on September 14, 2017. *Id.*, ¶ 5; Ex. D. Subsequently, Plaintiff filed the Amended Complaint on May 25, 2021, over three years later and well after the one-year contractual period of limitations provided for in the SPD. Therefore, Plaintiff's claims are time barred and the Amended Complaint must be dismissed with prejudice.

Further, there is no controlling statute which prevents an ERISA plan from incorporating a limitations period, so the sole issue is whether the Plan's one-year limitation period is reasonable. In multiple instances, courts have enforced contractual provisions found in ERISA plans shortening the statute of limitations for claims to one year.[20] And, in some cases courts have enforced plan limitations periods of less than one year to bring a claim.[21] This Court

---

[20]    *See, e.g., Fetterhoff v. Liberty Life Assur. Co.*, 282 F. App'x 740, 744 (11th Cir. 2008) (affirming district court dismissal of ERISA claim as time barred due to the plan's one-year limitations period); *Ford v. Premera Blue Cross*, No. C17-1738 MJP, 2018 WL 1620984, at *2 (W.D. Wash. Apr. 4, 2018) (finding an ERISA plan's one-year limitations period reasonable and dismissing the plaintiff's claim); *D.S.S. v. Prudential Ins. Co. of Am.*, No. 3:20-CV-248-CRS, 2021 WL 1069040, at *10 (W.D. Ky. Mar. 19, 2021) (finding a plaintiff's ERISA claim was time barred due to the plan's one-year limitations period).

[21]    *See, e.g., Northlake Reg'l Med. Ctr. v. Waffle House Sys. Emp. Benefit Plan*, 160 F.3d 1301, 1304 (11th Cir. 1998) (finding an ERISA plan's 90-day limitations period was reasonable); *Smith v. The Boeing Co.*, No. 3:15-CV-2533-D, 2016 WL 892749, at *4 (N.D. Tex. Mar. 9, 2016) (finding an ERISA plan's 180-day limitations period was reasonable as a matter of law); *Zisumbo v. Convergys Corp.*, No. 1:14-CV-134-RJS, 2017 WL 5634120, at *4 (D. Utah Nov. 22, 2017) (finding an ERISA plan's six-month limitations period did not violate public policy).

has enforced contractual provisions that provide one year or less to bring a claim outside of the ERISA context many times.[22]  Accordingly, the one-year limitations period for commencement of an action against the Plan is reasonable and enforceable and Plaintiff's untimely claims must be dismissed.

### III.     HCS IS ENTITLED TO AN AWARD OF ATTORNEYS' FEES AND COSTS

In an action under ERISA, it is within the court's discretion to award, or not award, attorneys' fees and costs to any party.[23]  In *Hardt v. Reliance Standard Life Insurance Co.*, the Supreme Court clarified the test by which a court is to determine an award of attorney's fees, holding that "a court 'in its discretion' may award fees and costs to 'to either party,' as long as the fee claimant has achieved 'some degree of success on the merits.'"[24]  Here, should the Court grant HCS's motion to dismiss, it will have achieved a success on the merits.  Having demonstrated success on the merits, a court then determines whether an award of fees is actually appropriate under the *Chambless* [25] factors.  The five factors set forth in *Chambless* include: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees would deter other

---

[22]     *See, e.g., Wechsler v. HSBC Bank USA, N.A*, No. 15-CV-5907 (JMF), 2016 WL 1688012, at *4 (S.D.N.Y. Apr. 26, 2016), *aff'd sub nom. Wechsler v. HSBC Bank USA, N.A.*, 674 F. App'x 73 (2d Cir. 2017) (enforcing a contractual one-year limitations period for bank savings account agreement); *Vega v. Fed. Exp. Corp.*, No. 09 CIV. 07637 RJH GW, 2011 WL 4494751, at *6 (S.D.N.Y. Sept. 29, 2011) (enforcing a contractual six-month limitations period in an employment application).

[23]     29 U.S.C. § 1132(g)(1).

[24]     *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 244-45 (2010) (citing 29 U.S.C. § 1132(g)(1)).

[25]     *Chambless v. Masters, Mates & Pilots Pension Plan*, 815 F.2d 869, 871 (2d Cir. 1987).

persons acting under similar circumstances; (4) whether the party requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.[26]

Here, Farkas's claims are clearly prohibited under a plain reading of the terms of the Plan, and while commencing this action may not constitute bad faith, Plaintiff is culpable of failing to review the relevant documents or, if he did read them, of ignoring them.[27]  Farkas is a medical practice capable of satisfying a fee award and such an award would deter other medical providers from bringing erroneous claims in direct contravention of plan terms – such claims only waste resources of all involved, including the Court's.  Dismissal of Farkas's claims will demonstrate that its claims are meritless and HCS's defenses succeed.   Therefore, HCS is entitled to award of the attorneys' fees and costs incurred in making this motion.

## CONCLUSION

For the foregoing reasons, HCS Home Health Care Services of New York respectfully requests an order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing the Amended Complaint in its entirety with prejudice and awarding the attorneys' fees and costs incurred in making this motion.

---

[26]    *Chambless*, 815 F.2d at 871.

[27]    Moreover, Farkas voluntarily dismissed the Plan Administrator Leading Edge, after it filed a motion to dismiss on the basis that it is not a fiduciary of the Plan.  However, the agreement between HCS and the Plan Administrator clearly states "the Claims Administrator shall be deemed a 'fiduciary' for the Plan within the scope of the Agreement and within the meaning of ERISA. . ."  Lafer Dec., Ex. C at 2.

Dated:  August 13, 2021

**HODGSON RUSS** LLP
*Attorneys for Metropolitan Life Insurance Company*


By:      *s/Marissa A. Coheley*
          Catherine Grantier Cooley
          Marissa A. Coheley
The Guaranty Building
140 Pearl Street, Suite 100
Buffalo, New York 14202
Telephone:  (716) 856-4000
*ccooley@hodgsonruss.com*
*mcoheley@hodgsonruss.com*

- 11 -