UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEFFREY FARKAS, M.D., LLC,<br><br>       Plaintiff,<br><br>-against-<br><br>HCS HOME HEALTH CARE SERVICES OF NEW YORK, and TEMURI CHACHUA,<br><br>       Defendants. | Index No.: 1:21-cv-01402<br><br>**SECOND AMENDED COMPLAINT** |

Plaintiff, Jeffrey Farkas, M.D., LLC ("Plaintiff"), by and through its attorneys, Schwartz Sladkus Reich Greenberg Atlas LLP, by way of Complaint against Defendant HCS Home Health Care Services of New York ("Defendant HCS"), and Defendant Temuri Chachua ("Defendant Chachua") (collectively, "Defendants"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a New Jersey limited liability company with a principal place of business at 43 Westminster Avenue, Bergenfield, New Jersey 07261.

2. Upon information and belief, Defendant HCS is engaged in administering health care plans or policies in the state of New York.

3. Upon information and belief, Defendant Chachua is a resident of the state of New York.

4. This Court has jurisdiction pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

1

## **FACTUAL BACKGROUND**

5. Plaintiff is a medical provider comprised of a team of neurologists who specialize in acute treatment following strokes, brain aneurysms, carotid disease, and vascular problems of the brain, spine, and neck.

6. Plaintiff's doctors perform major brain surgery in emergency, and often lifesaving, situations.

7. On November 22, 2016, November 23, 2016, and November 24, 2016, Plaintiff performed a series of emergency evaluations and surgical procedures on Defendant Chachua who was suffering from carotid artery stenosis. (*See*, **Exhibit A**, attached hereto.)

8. At all relevant times, Defendant was the beneficiary of an employer-based health insurance plan for which Defendant HCS served as plan sponsor and plan administrator.

9. Defendant Chachua attempted to assign his applicable health insurance rights and benefits to Plaintiff. (*See*, **Exhibit B**, attached hereto.)

10. Defendant Chachua further entered into an agreement with Plaintiff whereby Defendant Chachua agreed to be liable for all of Plaintiff's charges not covered by his insurance plan.

11. Pursuant to the assignment of benefits, Plaintiff submitted Health Care Financing Administration ("HCFA") medical bills to Defendant HCS, through their claims administrator, seeking payment for the medical services provided to Defendant Chachua in the total amount of $144,375.02. (*See*, **Exhibit C,** attached hereto.)

12. As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's treatment of Defendant Chachua.

13. In response to Plaintiff's HCFA medical bills, Defendant HCS issued payment in the total amount of $5,955.41, leaving an outstanding balance of $138,419.61.

14. Defendant HCS's explanations of benefits ("EOBs") indicate that the unpaid portion of Plaintiff's charges were left unpaid pursuant to a provider discount even though Plaintiff never agreed to any such discount. *(See, for e.g.,* **Exhibit D**, attached hereto.)

15. Defendant's EOB further contains a "patient responsibility" portion which conspicuously notes the patient's responsibility to be $0.00. *Id.*

16. Moreover, upon information and belief, under the terms of Defendant Chachua's insurance plan, out-of-network emergency treatment must be reimbursed in a way that exposes him to no greater liability than he would be exposed to had he utilized a network provider.

17. Indeed, the summary plan description furnished by Defendant specifies that members are liable for no more than their in-network copay when they undergo emergency treatment, regardless of whether the treatment is performed by an in-network our out-of-network provider. (*See*, for e.g., **Exhibit E**, attached hereto.)

18. Thus, under the terms of Defendant Chachua's insurance plan, Defendant was obligated to process reimbursement for the subject medical services pursuant to Plaintiff's billed charges, or alternatively, pursuant to a payment rate agreed upon by Plaintiff.

19. By indicating in its EOB that Plaintiff accepted a "provider discount," Defendant HCS was in effect representing that they processed Plaintiff's claims correctly under the terms of Defendant Chachua's insurance plan.

20. However, since Plaintiff never agreed to any provider discount, Defendant HCS did not process Plaintiff's claims correctly under the terms of Defendant Chachua's insurance plan.

21. Because Defendant HCS did not properly process Plaintiff's claims, Defendant Chachua submitted multiple internal appeals, challenging the reimbursement under the terms of his insurance plan.

22. However, Defendant HCS failed to issue any additional reimbursement in response to Defendant Chachua's internal appeals.

23. As a result of Defendant HCS's failure to issue proper reimbursement Plaintiff's treatment, as well as Defendant Chachua's failure to issue payment to Plaintiff for Plaintiff's services, Plaintiff has been damaged in the amount of $138,419.61.

## COUNT ONE – AS TO DEFENDANT CHACHUA

## BREACH OF CONTRACT

24. Plaintiff repeats, realleges and reaffirms each of the preceding allegations contained in paragraphs "1" through "23" of this complaint with the same force and effect as though fully set forth herein.

25. On or about November 21, 2016, Defendant, for good and valuable consideration, entered into an agreement with Plaintiff and agreed to abide by its rules, conditions, covenants, duties and responsibilities pursuant to the expressed terms as set forth in the agreement.

26. Pursuant to the terms of the Agreement, Defendant agreed to pay Plaintiff all applicable charges resulting from the medical treatment provided by Plaintiff.

27. As a result, Plaintiff has been damaged and continues to suffer damages in the operation of its medical practice.

## COUNT TWO – AS TO DEFENDANT CHACHUA

## ACCOUNT STATED

28. Plaintiff repeats, realleges and reaffirms each of the preceding allegations contained in paragraphs "1" through "27" of this complaint with the same force and effect as though fully set forth herein.

29. That, upon information and belief, Defendant has been provided invoice(s) for the amount due and owing from Plaintiff and has failed to dispute or challenge any portion of same in any manner within a reasonable time, but rather accepted those invoice(s) as accurately showing the amount due and owing.

30. That by reason thereof, Defendant should be held liable to Plaintiff in the amount of $138,419.61 under the theory of an account stated.

## COUNT THREE – AS TO DEFENDANT HCS

## UNJUST ENRICHMENT

31. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 30 of the Complaint as though fully set forth herein.

32. By failing to reimburse Plaintiff for the services rendered to Defendant Chachua in accordance with Defendant Chachua's insurance policy, Defendant HCS has inadequately compensated Plaintiff for its services.

33. As a result, Defendant HCS has been unjustly enriched at the expense of Plaintiff.

34. Such unjust enrichment includes, but is not limited to, the retention of funds in Defendant's accounts that should have been remitted to Plaintiff in exchange for medical services performed by Plaintiff on Defendant's beneficiary.

35. It is against equity and good conscience to permit Defendant to retain monies that it owes to Plaintiff on behalf of its beneficiaries.

36. Therefore, Plaintiff is entitled to restitution of any such payment retained by Defendant that should have been paid to Plaintiff.

## COUNT FOUR – AS TO DEFENDANT HCS

### TORTIOUS INTERFERENCE WITH A CONTRACT

37. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 36 of the Complaint as though fully set forth herein.

38. Plaintiff has a valid contract with Defendant Chachua entitling Plaintiff to payment for medical services.

39. Defendant HCS has full knowledge of Plaintiff's contract with Defendant Chachua.

40. Defendant HCS intentionally induced Defendant Chachua to breach his contract with Plaintiff by issuing an EOB stating Defendant Chachua had no financial obligation to Plaintiff.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

A. For an Order directing Defendant HCS to pay Plaintiff $138,419.61;
B. For an Order directing Defendant HCS to pay Plaintiff all benefits Defendant Chachua would be entitled to under the applicable insurance plan or policy administered by Defendant;
C. For an Order directing Defendant Chachua to pay Plaintiff $138,419.61;
D. For compensatory damages and interest;
E. For attorney's fees and costs of suit; and
F. For such other and further relief as the Court may deem just and equitable.

Dated: New York, NY
September 2, 2021

        SCHWARTZ SLADKUS
        REICH GREENBERG ATLAS LLP
        *Attorneys for Plaintiff*

        By:   /s/ Michael Gottlieb
              Michael Gottlieb
              444 Madison Avenue
              New York, New York 10022
              (212) 743-7054